IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Debra Crawford, | ) | C/A No. 8:24-cv-2882-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on the Commissioner of Social Security's ("Commissioner") objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended the Commissioner's decision be reversed and the case be remanded for further administrative action. ECF Nos. 20, 21. Having considered the briefing, the administrative record, and all relevant law, the Court sustains the Commissioner's Objections and declines to adopt the Magistrate Judge's Report for the reasons that follow.

**I. BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB"). ECF No. 1 at 1. Plaintiff filed an application for DIB on October 26, 2017, with an alleged onset date of April 11, 2011. (R. 198.) Plaintiff's application was denied initially and on reconsideration by the Social Security Administration. (R. 88–103, 108–25.) At Plaintiff's request, an administrative law hearing was held on October 8, 2019. (R. 35–57.) Plaintiff, represented by counsel, and a vocational expert ("VE") testified via

telephone before an administrative law judge ("ALJ"). *Id.* On November 26, 2019, the ALJ found that Plaintiff was not under a disability as defined in the Social Security Act (the "Act"). (R. 12–28.) The ALJ's findings became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (R. 1–6.) Plaintiff filed an action seeking judicial review on August 26, 2020. *See Debra C. v. Kijakazi*, C/A No. 8:20-cv-3056-JMC (D.S.C.).

On October 21, 2021, the District Court issued an order remanding the case for further proceedings. *Id.* Upon remand, the ALJ held a second administrative law hearing on December 6, 2022. (R. 600–25.) Plaintiff, represented by counsel, and a VE testified in person before the same ALJ. *Id.* On December 16, 2022, the ALJ issued a second unfavorable decision, finding that Plaintiff failed to prove that she was under a disability as defined in the Act. (R. 567–93.) The ALJ's findings again became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (R. 555–58.)

Plaintiff filed suit in this Court on May 8, 2024. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On March 18, 2025, Magistrate Judge William S. Brown issued his Report recommending that the decision of the Commissioner be vacated and remanded for further proceedings. ECF No. 20. On April 1, 2025, the Commissioner filed Objections to the Report. ECF No. 21. Plaintiff filed a Reply on April 15, 2025. ECF No. 22.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

### III.  DISCUSSION

As an initial matter, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  *See* ECF No. 20.  Because the Commissioner has filed objections, the Court's review is de novo.  Plaintiff challenges the ALJ's finding that her mental limitations were non-disabling because, in her view, the ALJ committed error in his analysis of Plaintiff's claim when he failed to properly evaluate the opinions provided by Drs. Ruffing and Bishop.  *See* ECF No. 15.  The Magistrate Judge recommended that the Commissioner's decision be reversed and remanded for further administrative action because the ALJ erred by (1) not seeking additional information when faced with a "vague" opinion from Dr. Ruffing, and (2) improperly relying on a lack of function-by-function assessment by Drs. Ruffing and Bishop in finding their opinions unpersuasive.  ECF No 20 at 13–23.  The Commissioner objects to the Report because (1) even if the medical opinions of Drs. Ruffing and Bishop were credited, it would not change the outcome of finding Plaintiff disabled, and (2) the ALJ's decision should be affirmed, regardless, because the ALJ offered many valid reasons for rejecting a limitation to simple work.  ECF No. 21 at 3–22.  Plaintiff contends the Magistrate Judge did not err in its analysis.  ECF No. 22 at 1–5.

First, as to whether the ALJ erred by not seeking additional information, the Court finds no error because substantial evidence supported the ALJ's evaluation of Dr. Ruffing's opinion and no further inquiry by the ALJ was necessary.  The ALJ summarized Dr. Ruffing's opinion and addressed it as follows:

> The claimant was referred by DDS personnel to a psychological evaluation with James Ruffing, Psy.D., in January 2018, who noted her complaints of depression with crying spells, worry, low motivation, and financial stress. She

4

>stated that her symptoms began in 2015 (four years after the alleged onset date) and that she had taken psychotropic medication but never pursued formal mental health treatment. As for her activities of daily living, the claimant stated that she tends to her personal hygiene and grooming, drives herself places, goes shopping, prepares meals, cleans, and does laundry. On mental status exam, the claimant was calm and cooperative with flat affect and depressed mood and normal cognition, focus, and memory. Dr. Ruffing assessed her as having adjustment disorder that had progressed to moderate persistent depressive disorder. He concluded that she seemed able to manage activities of daily living, relate well with others, and complete simple routine tasks but noted that she "may struggle with concentration, persistence, and pace related to any task more than simple rote tasks." (Exhibit B10F). I find this opinion unpersuasive, as Dr. Ruffing's use of terms such as "seems able to relate well", "seems able to complete", and "may struggle with" all require speculation as to the function by function limitations and frequency with which the claimant could perform those functions.

(R. 574). The ALJ also states in his analysis that "the opinion of psychological evaluator Dr. Ruffing . . . is unpersuasive because it is vague and does not contain a [function-by-function] analysis."  (R. 589).  Specifically, the ALJ relied on the following evidence in evaluating the persuasiveness of Dr. Ruffing's opinion:

>Subsequent medical records do not support a finding of a severe psychological impairment. It was noted at a medical evaluation in March 2018, that the claimant was alert and oriented with normal mood and affect and no evidence of a mental abnormality (Exhibit B13F/6). The claimant began mental health treatment in June 2018 (more than six months after her date last insured), at which time she complained of nerve issues, pulling her hair out, and feeling like things were crawling on her. She stated those issues began after she lost her job in 2016. Her reported symptoms included poor sleep, decreased energy levels, and fatigue. The claimant reported that she lived independently and participated in the care of her elderly mother, and that her grandchildren lived with her part time. On mental status exam, the claimant had calm behavior, depressed mood, flat affect, avoidant eye contact, and logical goal directed thought processes. She was alert and fully oriented with average fund of knowledge, intact attention,

5

> concentration, and immediate recall, mildly impaired recent and remote memory, and good judgment and insight. She was assessed as having moderate recurrent major depressive disorder but declined treatment with a psychiatrist (Exhibit B14F/4-11).
>
> At her follow-up visit in July 2018, the claimant denied any depression but complained of anxiety and picking her skin. She reported that she was raising two of her grandchildren. Mental status examination showed normal appearance, cooperative attitude, calm behavior, logical, goal-directed, concrete thought processes, euthymic (normal) mood, appropriate affect, fair judgment and insight, average fund of knowledge, and a mild impairment in attention. The claimant was given an additional diagnosis of unspecified insomnia disorder. Although she was prescribed trazodone for sleep, she stopped the medication, claiming it upset her stomach (Exhibit B14F/13-16). The record contains no evidence of any further mental health treatment after July 2018. Subsequent medical records, however, indicate that she was alert and oriented with other normal findings on mental status exams (Exhibits B17F/34; B22F/19).
>
> . . .
>
> In this case, there is no evidence that the claimant's depression and anxiety caused ongoing significant limitations in her ability to perform work related activities. As discussed above, the record shows only intermittent complaints of psychological issues for which the claimant was noncompliant with prescribed medication and did not seek treatment with any mental health professional until 2018, after her date last insured. In addition, the objective medical findings regarding the claimant's mental condition failed to support a minimal duration of twelve months or a degree of limitation which significantly limits the claimant's mental or physical ability to perform work related activities. Therefore, I find the claimant's mental impairments of depression and anxiety are "non-severe" (20 CFR 404.1521, 404.1522).

(R. 574–75). The Court finds, based on this analysis, that the ALJ adequately explained and supported his finding that the evidence, including the opinion of Dr. Ruffing, did not support a finding of severe psychological impairment.

Although acknowledging that the record before the ALJ was not "sparse," the Magistrate Judge, nevertheless, found that because the ALJ expressly found Dr. Ruffing's opinions to be "vague," the ALJ was required to make an inquiry for clarification from Dr. Ruffing and committed legal error by not doing so based on the Fourth Circuit's decision in *Oakes v. Kijakazi,* 70 F.4th 207 (4th Cir. 2023).  ECF No. 20 at 18–19.  The Court is not convinced that further inquiry was required by the ALJ under these circumstances.

In *Oakes*, the Fourth Circuit explained:

> [A]n ALJ will render a disability determination based on the available evidence when that evidence is consistent and sufficient.  20 C.F.R. § 404.1520b(a).  Conversely, an ALJ will not render a determination when the available evidence is incomplete, insufficient, or inconsistent.   20 C.F.R. § 404.1520b(b).  Evidence is incomplete or insufficient "when it does not contain all the information [that the ALJ] need[s] to make [its] determination."  *Id.*  Evidence is inconsistent "when it conflicts with the other evidence, contains and internal conflict, [or] is ambiguous."  *Id.*  If the available evidence suffers from any of these inadequacies, an ALJ will determine "the best way" to resolve the issue, which may include one or more of four paths forward: (1) recontacting a medical source for clarification; (2) requesting additional existing evidence; (3) asking the claimant to undergo a consultative examination; or (4) asking the claimant or others for more information. 20 C.F.R § 404.1520b(b)(2)(i)–(iv).  If "there are inconsistencies in the evidence that [the ALJ] cannot resolve or when, despite efforts to obtain additional evidence, the evidence is insufficient to determine whether [a claimant is] disabled, [the ALJ] will make a determination or decision based on the evidence [it possesses]." 20 C.F.R § 404.1520b(b)(3).

70 F.4th at 212–13.  The Fourth Circuit found that "when an administratively ordered consultative examiner's opinion contains what ought to be an easily clarified ambiguity on a key issue, it logically flows that an ALJ *must* engage in a simple § 404.1520b(b)(2) inquiry."  *Id.* at 214.  In *Oakes*, the ambiguity concerned a consultative examiner's impression that the claimant should use an ambulatory device.  *Id.*  The court found the

7

ALJ improperly concluded that an examiner's reasons for recommending the use of a *specific* medical device were supported *only* by subjective complaints and that this recommendation was inconsistent with other physicians' conclusions because there was evidence in the record that there were also objective aspects of the examiner's analysis that the ALJ failed to consider and the sparse record may have contributed to inconsistences. *Id.* at 213–15. To the extent the examiner's basis for diagnosis and reasons for inconsistency with other treating physicians was ambiguous, the Fourth Circuit found the ALJ should have sought clarification from the examiner. *Id.* This clarification could be accomplished through a simple inquiry to the consultative examiner asking him to cite the evidence supporting his opinion. *Id.* The court further found the ALJ's reliance on record evidence to discount the examiner's recommendation was erroneous because the claimant's medical record was sparse. *Id.* at 215.

Here, the perceived ambiguity arises out of Dr. Ruffing's use of terms such as "seems able to relate well," "seems able to complete," and "may struggle with" in describing Plaintiff's functional ability. *See* ECF Nos. 15, 20. The ALJ noted Dr. Ruffing's opinions were "vague" and required speculation about Plaintiff's abilities. R. 589. The Court finds this "ambiguity" to be readily distinguishable from the one present in *Oakes* where the examiner made a *specific* recommendation and the reasoning for this recommendation was ambiguous in light of a sparse record.[1] In the medical field, and in context of mental health especially, it is not uncommon for physicians to use phrases

---

[1] While the Magistrate Judge stated the language used here "mirrors the language in *Oakes* which was found to create an ambiguity," he provides no citation to where such language is discussed in *Oakes* and the Court finds no similar language from the examiner in *Oakes* upon its own review of the case. ECF No. 20 at 18.

such as "may," "seems," and "struggle" in their analysis of a patient's ability. To conclude that *Oakes* means every ALJ must make further inquiries based on such "vague" language usage could lead to inquiries being required in almost every case. These types of cases almost always involve a medical analysis where the physicians must make general conclusions about a claimant's abilities, but just because the conclusion is general and speculative does not necessarily make them ambiguous, especially where as here there is ample other evidence in the record to provide clarification.[2]

To the extent that Dr. Ruffing's opinion was ambiguous, unlike the "extremely sparse" record in *Oakes*, 70 F.4th at 213–15, the record in this case contained additional evidence, including Plaintiff's inconsistent reports of depression and anxiety symptoms, her lack of continuity in taking prescribed medications as recommended, her performance on mental status examinations, other providers' treatment records and impressions, and Plaintiff's self-reported daily activities from which the ALJ could glean information to resolve ambiguities. R. 574–75, 585, 589. Indeed, there was substantial evidence to support the ALJ's conclusion that Dr. Ruffing's opinion concerning what Plaintiff "may struggle with" was inconsistent with other record evidence, and accordingly, unpersuasive. The ALJ permissibly relied on means other than recontacting Dr. Ruffing for clarification. *See, e.g., David C. v. Colvin*, No. 6:23-cv-5176-SAL, 2024 WL 5165224,

---

[2] This Court is especially wary to extend the rule in *Oakes* where it is not readily apparent what clarification Dr. Ruffing could provide that would impact the ALJ's analysis. Both Plaintiff and the Magistrate Judge are adamant that this perceived ambiguity would be "easily clarified," but neither have suggested what clarification the ALJ could have sought for Dr. Ruffing's opinion. ECF Nos. 15 at 17; 20 at 18. Even if Dr. Ruffing was more definitive (i.e., that the Claimant is unable "to "relate well," unable "to complete," and does "struggle with"), the ALJ's analysis of the substantial contrary evidence and ultimate conclusion would remain sufficiently supported under the applicable standard.

9

at *6 (D.S.C. Dec. 19, 2024) (distinguishing *Oakes* because the record in the case was not sparse and contained significant additional evidence and finding the ALJ "permissibly relied on means other than recontacting [the examiner] for clarification" when faced with an examiner opinion that was "vague, overly broad, and fail[ed] to state specific functional restrictions"); *Darrell M. v. O'Malley*, No. 1:23-cv-4699-SVH, 2024 WL 243437, at *12 (D.S.C. Jan. 22, 2024) ("The regulations provide that if the ALJ can evaluate the inconsistent evidence based on the other evidence of record, he is not required to further develop the record." (citing 20 C.F.R. §§ 404.1520b((b)(1), 416.920b(b)(1))). Accordingly, the Court finds under these circumstances the ALJ had no duty to recontact Dr. Ruffing to request he supplement his opinion.

The Court agrees, however, the ALJ erred by improperly discounting Drs. Ruffing and Bishop's opinion for failing to provide a function-by-function report of limitations. The Fourth Circuit has recognized that failure to provide a function-by-function evaluation of an applicant's abilities and limitations is not a valid reason for discounting a medical report. *See Stephen R. v. O'Malley*, No. 21-2292, 2024 WL 3508155, at *5 (4th Cir. July 23, 2024). Indeed, "while medical opinions must provide an assessment of the claimant's limitations and capacities, 20 C.F.R. § 404.1513(a)(2), nothing in the applicable regulations requires medical sources to conduct that assessment on a function-by-function basis." *Id.*

However, as stated by the Magistrate Judge, "the ALJ improperly relied *in part* on a lack of function-by-function assessment" when finding these opinions unpersuasive. ECF No. 20 at 19 (emphasis added). This is distinguishable from the analysis of the claim in *Stephen*, where all of the ALJ's reasons for discounting the medical reports of the

10

physicians were invalid and there was no valid reason for discrediting their reports. 2024 WL 3508155 at *5. As addressed above, the ALJ relied on other evidence in coming to his conclusion that Plaintiff did not suffer from a severe psychological impairment entitling her to DIB and this other evidence was part of the basis for discounting Drs. Ruffing and Bishop's opinions. More specifically, the ALJ relied on the opinions of Drs. Price and Ward; Plaintiff's score on the Folstein Mini Mental Status; her sporadic psychological complaints to healthcare providers, including at times indicating that she was not suffering from depression or anxiety; her noncompliance with medication; and her lack of mental health treatment prior to the date last insured. R. 573–75, 585, 589. Because the ALJ concluded Drs. Ruffing and Bishop's opinions were unpersuasive based on other substantial evidence in the record, the Court finds any error the ALJ made by relying in part on a lack of function-by-function assessment was harmless. Substantial evidence supported the ALJ's conclusion that Plaintiff failed to establish psychological disability within the meaning of the Act. Thus, remand for further proceedings is not required, and the ALJ's decision is affirmed.

## CONCLUSION

For the reasons set forth above, the Court SUSTAINS the Commissioner's Objections, respectfully declines to adopt the Report,[3] and **AFFIRMS** the decision of the Commissioner.

---

[3] At the end of the Report, the Magistrate Judge indicates that it need not specifically address Plaintiff's remaining allegations of error since the ALJ will be able to reconsider and re-evaluate the evidence as part of the reconsideration of this claim. ECF No. 20 at 23. After review of Plaintiff's brief, it appears to this Court that Plaintiff's allegations of error were all related to the ALJ's failure to properly evaluate the opinions of Drs. Ruffing and Bishop for the reasons addressed herein. *See* ECF No. 15 at 12–21. However, to the extent necessary, the Court finds the ALJ's analysis of Drs. Ruffing and

IT IS SO ORDERED.

                                                                                                         s/ Donald C. Coggins, Jr.
                                                                                                         United States District Judge

September 30, 2025
Spartanburg, South Carolina

---

Bishop's opinions was reasonable and supported by other substantial evidence in the record as set out above.